**Stacey Lynn SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–04–00283–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 21, 2004.

Paul Decuir, Jr., Houston, for Appellant.

Eric Kugler, Asst. District Atty. of Harris County, Charles A. Rosenthal, Jr., District Attorney-Harris County, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Stacey Lynn Smith, was charged with the state-jail felony offense of prostitution, alleged to have occurred on January 31, 2002, enhanced by three prior convictions for prostitution. Appellant filed a motion to quash the indictment, which the trial court overruled. Appellant

then pleaded guilty to the charge and was sentenced to confinement for one year in state jail. Appellant did not waive her right to appeal the trial court's ruling on the motion to quash, and the trial court certified appellant's right to appeal.

In her sole point of error, appellant argues that the trial court erred by denying her motion to quash because the State failed to allege a cause of action. Specifically, appellant contends that the Penal Code, as amended, required the State to prove that all prior prostitution convictions alleged to elevate appellant's prostitution offense from a misdemeanor to a felony occurred after September 1, 2001, the effective date of the statute that permitted her state-jail felony conviction. We affirm.

## Background

Appellant's indictment alleged that she committed prostitution on or about January 31, 2002 and that she had previously been convicted of the same offense on April 20, 1989, January 3, 1990, and January 8, 2002. Until September 1, 2001, prostitution was a misdemeanor offense regardless of the number of convictions. *See* former TEX. PEN.CODE ANN. § 43.02(c) (Act of Jan. 1, 1974, 63rd Leg., R.S., ch. 399, § 43.02(c), 1973 Tex. Gen. Laws 883, 959, *amended by* Act of June 15, 2001, 77th Leg., R.S., ch. 987, § 2, 2001 Tex. Gen. Laws 2153–54). Effective September 1, 2001, however, prostitution became a felony offense upon conviction of a fourth offense of prostitution. TEX. PEN.CODE ANN. § 43.02(c) (Vernon 2003). Section 43.02(c) of the Penal Code states as follows:

> An offense under this section is a Class B misdemeanor, unless the actor has previously been convicted one or two times of an offense under this section, in which event it is a Class A misdemeanor. If the actor has previously been convicted three or more times of an

offense under this section, the offense will be a state jail felony.

*Id.*

## Standards of Review

■ This court reviews a challenge to a trial court's ruling on a motion to quash an indictment under the abuse-of-discretion standard. *See Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App.1981) (op. on reh'g). In interpreting a statute, we follow the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

## Discussion

■ Appellant contends that, because the State must establish at least three prior convictions to obtain a felony conviction, and because two of her prior convictions occurred before the effective date of amended section 43.02(c), the felony-prostitution statute, the State could properly rely on only one of her previous convictions and therefore could not charge her with a felony.

Under section 2 of the enabling legislation for section 43.02, the statute became effective on September 1, 2001 and "applies only to an offense committed on or after that date." Act of June 15, 2001, 77th Leg., R.S., ch. 987, § 2, 2001 Tex. Gen. Laws 2153, 2154. An offense committed before the effective date of section 43.02 would be "covered by the law in effect when the offense was committed," which continued in effect for that purpose. *Id.* The enabling legislation further states that, "an offense was committed before the effective date of this Act *if any element of the offense occurred before that date.*" *Id.* (Emphasis added). The dispositive issue, therefore, is whether the *date* of a prior

conviction alleged as enhancement is "an element of the offense" that the State must prove under section 43.02. *See id.*

As defined by the Penal Code, the "elements" of an offense are the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense. TEX. PEN.CODE ANN. § 1.07(a)(22) (Vernon 2003). Although appellant presents a case of first impression under section 43.02(c), courts have rejected similar attempts to impose a requirement, not expressly imposed by the particular statute in question, that the State must prove, as an element of the offense, the date of a prior conviction alleged as enhancement.

In *State v. Mason,* the Court of Criminal Appeals concluded that, despite similar language in the enacting legislation for section 46.04, which prohibits possession of a firearm by a convicted felon, the State was not required to prove, as an element of the offense, that a defendant's prior conviction occurred after section 46.04 was enacted. 980 S.W.2d 635, 639–41 (Tex.Crim.App.1998) (construing TEX. PEN.CODE ANN. § 46.04 (Vernon 2003)). As the court explained, although the fact of the prior offenses is an element of the offense, the dates of those convictions are not. *Id.* at 640. In *State v. Nelms,* 775 S.W.2d 25, 26 (Tex.App.-Houston [1st Dist.] 1989, pet. ref'd), this Court concluded that the State was not required to prove, as elements of the offense of felony theft, the dates of prior theft convictions alleged to elevate the offense of theft of property to a felony. *See also Sheppard v. State,* 5 S.W.3d 338, 340 (Tex.App.-Texarkana 1999, no pet.) (holding same under felony assault, family-violence statute); *Vanderhorst v. State,* 52 S.W.3d 237, 242 (Tex.App.-Eastland 2001, no pet.) (holding same under felony-DWI statute).[1]

To elevate appellant's prostitution offense to a felony, the State had to prove that appellant had at least three prior convictions for prostitution. Section 43.02(c) places no limitations on the dates of the prior convictions. Accordingly, the dates of the previous convictions are not elements of the offense of felony prostitution. It is the fact of three prior convictions, rather than their dates, that controls.

We overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.

---

1. Appellant emphasizes that section 49.09 of the Penal Code, which concerns enhancement information for driving while intoxicated (DWI), precludes reliance on final convictions that took place more than ten years before the DWI offense at issue to enhance a misdemeanor offense to the felony level. *See* TEX. PEN.CODE ANN. § 49.09(e)(3) (Vernon Supp. 2004–2005). We decline to apply the prohibitions against relying on certain convictions under section 49.09 of the Penal Code, which are specifically stated in the statute itself, because there are no corresponding, specifically stated prohibitions in section 43.02(c), which is at issue here. We also note that *Robles v. State* 85 S.W.3d 211, 213–14 (Tex. Crim.App.2002), and *Tamez v. State,* 11 S.W.3d 198, 201 (Tex.Crim.App.2000), on which appellant also relies, address only whether a defendant's stipulation of evidence concerning DWI prior convictions used for jurisdictional enhancement prohibits the State from introducing evidence of the prior convictions during trial. Because neither case addresses whether the dates of prior offenses are elements of the offense, neither applies in this appeal.