Opinion issued February 8, 2007


















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01124-CR

 __________



YESY BLADIMIR JUAREZ, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 40,132





MEMORANDUM OPINION

 Appellant, Yesy Bladimir Juarez, pled guilty to the charge of aggravated
robbery without a recommendation from the State. After a punishment hearing, the
trial court sentenced appellant to 55 years in prison. In two points of error, appellant
argues that the trial court erred in denying (1) his right to develop the issue of mental
retardation and (2) his motion to quash/motion in arrest of judgment based on a
systematic discrimination in the grand jury selection. We affirm. 

 Background


 Around midnight on April 25, 2004, appellant, Robert Doya, and Doya's
girlfriend drove to a convenience store to get some beer. Appellant testified that his
two companions convinced him to rob the store, and Doya gave him a gun.

 Justin Lamb, the cashier from the convenience store, testified that he refused
to sell the two men beer because they did not have proper identification. (1) The men
left and then returned. Appellant came around the counter, pointed the gun at Lamb,
and demanded that he open the cash register. Appellant "pistol whipped" Lamb and
kicked him until he opened the register. Doya told Lamb to give him the video
surveillance tape. The men took the cash register and left. Lamb ran out the door
after the two men left, and, as Lamb was attempting to flee, appellant shot him in the
lower back. 

 Appellant pled guilty to aggravated robbery.


Mental Retardation


 In point of error one, appellant contends that the trial court erred in denying his
"right to fully develop his good faith claim of mental retardation." 

 Javier, appellant's 22-year-old brother, testified that doctors told his family
early on that appellant was slow. Appellant was in special education classes since
grade school. Javier explained that, about a year and one-half before the robbery,
appellant started drinking too much and associating with the "wrong crowd." He
testified that appellant was led easily by these friends, and they took advantage of
him. Appellant's father, Ignacio, testified that appellant has always been slow and
has always had trouble in school. The trial court noted after the punishment hearing
that:

 Mr. Lamb had clearly separated himself from [appellant] and was out of
harms [sic] way, [appellant] elected to shoot him, shoot him in the back,
a cowardly act if there ever was one.


 The explanation is, I'm drinking and I'm on drugs (2) and I'm not
responsible and I'm not smart. All too often I hear that excuse and it is
an excuse. It may be an explanation also, but it is an excuse.


 . . . .


 [Appellant] clearly knew the consequences for the use of illegal
narcotics. The only telling argument that would reduce the maximum
sentence in this case was the mental status of the defendant, but the
testing by professionals shows that he does not fall into the mental
retardation range.


 While he was not successful in school and was placed in special
education, under the criteria set by the Supreme Court and the courts of
this state, he is not mentally retarded.

 

Appellant was allowed to introduce evidence regarding his alleged mental retardation. 
His family members testified, and two experts evaluated him. Both experts found him
to be competent, one found that he was not mentally retarded, and one found that, "if
he was mentally retarded he would be mildly retarded."

 We hold that the trial court did not prevent appellant from presenting evidence
of mental retardation during the punishment hearing. Accordingly, we overrule point
of error one.

Motion to Quash/Motion in Arrest of Judgment (3)


 In point of error two, appellant contends that the trial court erred in refusing
to grant his motion to quash/motion in arrest of judgment due to the composition of
the grand jury. (4) Appellant contended before the trial court, as he does on appeal, that
persons of Hispanic origin have been systematically excluded from grand juries in
Fort Bend County in violation of the Equal Protection Clause of the Fourteenth
Amendment. He relies heavily upon Castaneda v. Partida, 430 U.S. 482, 97 S. Ct.
1272 (1977).

Standard of Review

 We review a challenge to a trial court's ruling on a motion to quash an
indictment under the abuse-of-discretion standard. See Thomas v. State, 621 S.W.2d
158, 163 (Tex. Crim. App. 1981); Smith v. State, 176 S.W.3d 438, 439 (Tex.
App.--Houston [1st Dist.] 2004, no pet.). We also review a trial court's ruling on a
motion for new trial under an abuse-of-discretion standard. Charles v. State, 146
S.W.3d 204, 208 (Tex. Crim. App. 2004). 

Systematic Discrimination

 In Partida, the Supreme Court held that an equal protection violation occurs
when the government purposefully excludes certain identifiable groups from serving
on a grand jury. A rebuttable presumption of purposeful discrimination arises if the
defendant makes out a prima facie case, which consists of showing: (1) that a
particular group constitutes "a recognizable, distinct class, singled out for different
treatment under the laws, as written or as applied"; (2) "the degree of
underrepresentation by comparing the proportion of the group in the total population
to the proportion called to serve as grand jurors, over a significant period of time";
and (3) "a selection procedure that is susceptible of abuse or is not racially neutral." 
Ovalle v. State, 13 S.W.3d 774, 777 (Tex. Crim. App. 2000) (quoting Partida, 430
U.S. at 494-95, 97 S. Ct. at 1280). Once a prima facie case has been made, the
burden shifts to the State to rebut that case.

 Appellant filed a motion to quash the indictment and a motion in arrest of
judgment that objected to the indictment for being "comprised of a systematically
discriminatory grand jury panel." The motion to quash stated, in its entirety, that

 The indictment itself is unconstitutional as it was returned by a Grand
Jury which failed to represent a fair cross section of the community as
required under the Texas Code of Criminal Procedure and the United
States Constitution under Castanada v. Partida. The grand jury did not
have a fair representation of Hispanics, blacks, or women on the panel,
and Mr. Juarez is entitled to such a fair review under law.

 

There was no evidence attached to the motion. We hold that the trial court did not
abuse its discretion in holding that appellant did not make a prima facie case of
systematic discrimination in his motion to quash the indictment.

 Post judgment, appellant filed a motion in arrest of judgment contending that
the judgment "was rendered illegally in that there is a substantial defect in the
indictment, to wit: the Fort Bend County grand jury selection system in place is
discriminatory, violating the Equal Protection and Due Process Clauses, guaranteed
by the Fourteenth Amendment of the Constitution." Attached to the motion was an
affidavit from Nicolaos Somarakis, an undergraduate student from the University of
Houston, who testified that he spoke with members of several grand juries. He
concluded that, "based on the information from the Grand Jurors, there are many
Grand Juries that do not reflect the diverse population of Fort Bend County." During
his testimony at the motion for new trial hearing, the trial court sustained the State's
hearsay objections regarding any conversations that Somarakis had with former
members of the grand jury. The trial court also refused to allow introduction of
census information obtained from an Internet cite. (5) Somarakis testified that he had
"no idea" how many people were actually called to serve as grand jurors. 

 We agree with the Court of Criminal Appeals, which stated that "uncertainty
. . . inheres in the use of Spanish surnames to determine Hispanic origin." Ovalle,
13 S.W.3d at 780. We hold that the trial court did not abuse its discretion when it
found "the evidence presented is lacking to indicate any composition of the grand jury
much less if there is discriminatory composition." We overrule point of error two. 

Conclusion

 We affirm the trial court's judgment.

 

 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).
1. Appellant was only 18 years old at the time.
2. Appellant testified that he had a "drug problem." He drank too much and used Xanax
or "handlebars" as it is known on the street. 
3. Motion in arrest of judgment means a defendant's oral or written suggestion that, for
reasons stated in the motion, the judgment rendered against the defendant was
contrary to law. Tex. R. App. P. 22.1. An order denying a motion in arrest of
judgment will be considered an order denying a motion for new trial. Tex. R. App.
P. 22.5. Motion in arrest of judgment is essentially a post-trial motion to quash the
indictment. Tex. R. App. P. 22.1; Crittendon v. State, 923 S.W.2d 632, 634 (Tex.
App.--Houston [1st Dist.] 1995, no pet.). 
4. Appellant claimed that, over the five grand juries, only four individuals with
"Spanish" surnames sat on the Fort Bend County grand jury.
5. Appellant does not appeal these rulings.