Louis TIETZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–07–00167–CR, 04–07–00168–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 13, 2008.

Discretionary Review Refused
Aug. 20, 2008.

Roderick B. Glass, Assistant Public Defender, San Antonio, TX, for Appellant.

Enrico B. Valdez, Assistant Criminal District Attorney, San Antonio, TX, for Appellee.

Sitting: KAREN ANGELINI, Justice REBECCA SIMMONS, Justice STEVEN C. HILBIG, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

In cause numbers 2006–CR–5028 and 2006–CR–5029, Louis Tietz was indicted as a habitual offender in two felony cases of driving while intoxicated (DWI). He filed motions to quash the indictments. After his motions to quash were overruled by the trial court, he pled no contest to the two offenses and true to the habitual offender allegations, and was sentenced to twenty-five years confinement in each cause, to be served concurrently. Tietz appeals the overruling of his motions to quash the indictments.

### DISCUSSION

#### A. Motions to Quash Indictments

The indictment in cause number 2006–CR–5028 charged Tietz with DWI on or about July 6, 2005. That charge was enhanced by two prior DWI convictions, elevating the offense to a felony. These prior DWI convictions occurred on February 22, 1994, and June 13, 1989. The indictment in cause number 2006–CR–5029 charged Tietz with DWI on or about February 4, 2006, and was enhanced to a felony by the same two prior DWI convictions. Tietz filed motions to quash the indictments, arguing that the law in effect at the time of the prior offenses should apply to the primary offenses and that, under that law, the prior convictions used to enhance the DWIs to felonies could not be used because they occurred over ten years before the charged offenses. According to Tietz, the law in effect at the time of the prior offenses should apply because the prior convictions are elements of the charged offenses. In response, the State argues that the enhancement statutes in effect at the time of each of the primary offenses were alleged to have been committed were applicable and that, under those statutes, both prior DWI convictions could be used to enhance the primary offense to felonies. We agree with the State.

#### B. Are Prior Offenses Elements of the Charged Offenses?

Tietz concedes that amendments to the DWI enhancement provisions contained in section 49.09 of the Texas Penal Code "have consistently provided that the effective date is triggered when any element of the offense was committed before whatever date the amendment becomes effective, usually September 1 of a certain year." And, Tietz recognizes that although prior convictions are elements of the primary offense, courts have nevertheless held that the exact dates of the prior offenses are not considered to be elements of the primary offense. Tietz argues, however, that these cases should not apply to DWI enhancement cases. We disagree.

In *State v. Mason*, 980 S.W.2d 635, 641 (Tex.Crim.App.1998), the court of criminal appeals held that although a defendant's status as a felon is an element of the primary offense, the date of his prior conviction is not considered an element of the offense. Although *Mason* did not involve the DWI enhancement statute, but instead interpreted the statutes pertaining to unlawful possession of a weapon and a new felon in possession of a prohibited weapon

statute, *Mason* has been followed by Texas courts of appeal in cases interpreting the DWI enhancement statute. *See Vanderhorst v. State*, 52 S.W.3d 237, 242 (Tex. App.-Eastland 2001, no pet.); *Tex. ex rel. Hilbig*, 985 S.W.2d 189, 192 (Tex.App.-San Antonio 1998, no pet.). In fact, as recently as May 2007 and March 2007, this Court held that the exact dates of prior convictions used for enhancement are not elements of the primary DWI offense. *See Jimenez v. State*, No. 04–06–00672–CR, 2007 WL 1258866, at *1 (Tex.App.-San Antonio 2007, no pet.) (not designated for publication); *State v. Sanchez*, No. 04–06–00542–CR, 2007 WL 748691, at *1 (Tex. App.-San Antonio 2007, pet. ref'd) (not designated for publication). Thus, under this line of cases, an accused is subject to the enhancement provisions in effect at the time the primary offense was committed.

Tietz acknowledges this line of cases, but urges us to reconsider our reliance on *Mason*. According to Tietz, in holding that the dates of the prior convictions are not elements of the primary offense, appellate courts have misconstrued the peculiar nature of the DWI statutes. In support of this argument, Tietz emphasizes that the history of the changes to the enhancement provisions of the DWI statute show that the "legislature has repeatedly placed importance on the date of the prior offenses when determining the repeat offender statute of a defendant." We find this argument unpersuasive. That the legislature has placed importance on the dates of the prior offenses does not elevate them to elements of the primary offense.

Tietz further argues that our interpretation of the DWI enhancement statute leads to absurd results in that prior offenses are elements of the primary offense yet the exact dates are not true elements of the primary offense. The court of criminal appeals in *Mason*, however, found no absurdity in distinguishing between the status of the accused as a felon (an element of the primary offense) and the date of the prior conviction (not an element of the primary offense). *See Mason*, 980 S.W.2d at 641. Likewise, we fail to see how making a similar distinction in the DWI enhancement statute leads to absurd results. Thus, we will continue to follow *Mason* and the cases that have applied the holding in *Mason* to the DWI enhancement statute. As a result, in this case, the law in effect at the time of the primary offenses, which occurred on July 5, 2005 and February 4, 2006, is applicable.

## C. The DWI Enhancement Statute Applicable to Cause No.2006–CR–5028

In finding that the two prior convictions could be used for enhancement purposes, the trial court in this case applied the statute that was in effect on July 5, 2005, the date of the charged offense, and case law interpreting that statute, *Getts v. State*, 155 S.W.3d 153 (Tex.Crim. App.2005). The DWI enhancement statute applicable in *Getts* and in the 2006–CR–5028 charge in this case provided that a prior conviction could not be used for enhancement purposes if (1) the prior conviction was final; (2) the offense for which the person was being tried was committed more than ten years after the latest of (a) the prior judgment of conviction date, (b) the date of discharge from community supervision on the prior conviction, (c) the date of successful completion of parole on the prior conviction, or (d) the date on which the person completed serving time in prison for the prior conviction; and (3) the person had not been convicted of another DWI-related offense within ten years of the latest date under subdivision (2). *Getts*, 155 S.W.3d at 155. In applying this statute to the facts before it, the court in *Getts* necessarily determined under subdivision (2) the latest of (a), (b), (c), or (d)

**380**

for the prior conviction ("the discharge dates") and found that the prior conviction was not available for enhancement. *Id.* at 156–57.

Tietz argues that because there is nothing in the record indicating the latest of these discharge dates for the 1994 conviction, there is no evidence that the discharge date was less than ten years from the date of the primary offense. And, according to Tietz, if the 1994 conviction is not available for enhancement, then the 1989 conviction is also not available. Tietz, however, overlooks the portions of the record wherein defense counsel provides the discharge dates for both prior offenses. For the February 22, 1994, conviction, the discharge date is November 5, 1994, and for the June 13, 1989, conviction, the discharge date is August 13, 1991. Applying *Getts* and the enhancement statute to the July 6, 2005, primary offense, the prior convictions are available for enhancement because the July 6, 2005, offense was committed more than ten years after the 1991 discharge date (for the 1989 offense) and Tietz was convicted of another offense within ten years of the 1991 date when he was convicted in 1994. *See Getts,* 155 S.W.3d at 155–57.

### D. *The DWI Enhancement Statute Applicable to Cause No.2006–CR–5029*

Effective September 2005, the legislature repealed any semblance of the ten-year rule contained within the DWI enhancement statute. *See Sanchez,* 2007 WL 748691, at *1. As with prior revisions of the statute, the enabling legislation provided that "[f]or purposes of this section, an offense was committed before the effective date of this Act *if any element of the offense was committed before that date.*" Act of 2005, 79th Leg., R.S., ch. 996, § 4 (emphasis added). As explained above, although prior convictions are elements of

the primary offense, the exact dates of those prior offenses are not elements of the primary offense. *See Mason,* 980 S.W.2d at 641; *Smith v. State,* 176 S.W.3d 438, 440 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Vanderhorst,* 52 S.W.3d at 242; *Texas ex rel. Hilbig,* 985 S.W.2d at 192. Thus, because the 2006–CR–5029 offense occurred after September 2005, both prior convictions were available for enhancement regardless of when they were committed.

### Conclusion

Because both prior convictions were available to enhance both primary offenses, we find no error and affirm the judgments of the trial court.