**Opinion filed November 19, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-08-00105-CR

————

## PAUL EVIN POPE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 12074**

## M E M O R A N D U M   O P I N I O N

The jury convicted Paul Evin Pope of the offense of felony driving while intoxicated and assessed his punishment at confinement for nine years and a $5,000 fine. We affirm.

Appellant presents two issues for review. In the first issue, he contends that the evidence is legally insufficient to support his conviction because his prior DWI convictions were too remote to be used without evidence of an intervening conviction. Appellant relies upon the remoteness

provision found in former TEX. PENAL CODE § 49.09(e),[1] which was repealed in 2005, to support his argument. Appellant asserts that, although the primary offense in the present case occurred on July 4, 2007, former Section 49.09(e) applies to this case because the prior DWI convictions used to enhance the primary offense to a felony occurred in 1992 -- prior to the repeal -- and are elements of the current felony DWI offense. We note that the current version of TEX. PENAL CODE ANN. § 49.09 (Vernon Supp. 2009) does not contain any such remoteness provision.

We disagree with appellant's contention. Although the prior DWI convictions are elements of a felony DWI offense, the dates of the prior DWI convictions are not. *Vanderhorst v. State*, 52 S.W.3d 237, 242 (Tex. App.—Eastland 2001, no pet.); *see State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998). The exact contention made by appellant in this issue was considered and rejected by our sister court in *Tietz v. State*, 256 S.W.3d 377 (Tex. App.—San Antonio 2008, pet. ref'd). We agree with the reasoning and the holding of the San Antonio court. Because the offense for which appellant was being tried was committed after the effective date of the repeal of former Section 49.09(e) and because the dates of the prior DWI convictions are not elements of the current felony DWI offense, the prior DWI convictions were properly used to enhance appellant's present DWI offense to a felony. *Tietz*, 256 S.W.3d at 380. Appellant's first issue is overruled.

In his second issue, appellant contends that he received ineffective assistance of counsel at trial because trial counsel advised appellant to stipulate to the remote DWI convictions that were used to enhance the present offense to a felony. Appellant's contention is based upon his belief that the prior DWI convictions were too remote to be used for enhancement. As discussed in regard to appellant's first issue, the remoteness provision found in former Section 49.09(e) does not apply to this case because this offense was committed after repeal of that provision. Appellant asserts no other reason for trial counsel's alleged ineffectiveness. Because the prior DWI convictions used to enhance the present DWI offense were admissible for that purpose, we cannot hold that appellant has shown that counsel's performance fell below an objective standard of reasonableness for advising appellant to enter into a stipulation as to those prior convictions. Consequently, appellant

---

[1]Former Section 49.09(e) provided that a conviction could not be used for purposes of enhancing a DWI to a felony if the prior conviction occurred more than ten years before the commission of the primary offense unless the defendant had a qualifying intervening conviction.

has not met the first prong of the test for ineffective assistance of counsel as outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). Appellant's second issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


November 19, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.