Opinion filed November 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 19,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00105-CR

                                                    __________

 

                                       PAUL EVIN POPE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 118th District Court

 

                                                        Howard
County, Texas

 

                                                    Trial
Court Cause No. 12074

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Paul Evin Pope of the offense of felony driving while
intoxicated and assessed his punishment at confinement for nine years and a
$5,000 fine.  We affirm.








Appellant
presents two issues for review.  In the first issue, he contends that the
evidence is legally insufficient to support his conviction because his prior
DWI convictions were too remote to be used without evidence of an intervening
conviction.  Appellant relies upon the remoteness provision found in former Tex. Penal Code ' 49.09(e),[1]
which was repealed in 2005, to support his argument.  Appellant asserts that,
although the primary offense in the present case occurred on July 4, 2007,
former Section 49.09(e) applies to this case because the prior DWI convictions
used to enhance the primary offense to a felony occurred in 1992 -- prior to
the repeal -- and are elements of the current felony DWI offense.  We note that
the current version of Tex. Penal Code
Ann. ' 49.09
(Vernon Supp. 2009) does not contain any such remoteness provision.  

We
disagree with appellant=s
contention.  Although the prior DWI convictions are elements of a felony DWI
offense, the dates of the prior DWI convictions are not.  Vanderhorst v.
State, 52 S.W.3d 237, 242 (Tex. App.CEastland
2001, no pet.); see State v. Mason, 980 S.W.2d 635, 641 (Tex. Crim. App.
1998).  The exact contention made by appellant in this issue was considered and
rejected by our sister court in Tietz v. State, 256 S.W.3d 377 (Tex.
App.CSan Antonio 2008,
pet. ref=d).  We agree
with the reasoning and the holding of the San Antonio court.  Because the
offense for which appellant was being tried was committed after the effective
date of the repeal of former Section 49.09(e) and because the dates of the
prior DWI convictions are not elements of the current felony DWI offense, the
prior DWI convictions were properly used to enhance appellant=s present DWI offense to a
felony.  Tietz, 256 S.W.3d at 380.  Appellant=s first issue is overruled.  








In
his second issue, appellant contends that he received ineffective assistance of
counsel at trial because trial counsel advised appellant to stipulate to the
remote DWI convictions that were used to enhance the present offense to a
felony.  Appellant=s
contention is based upon his belief that the prior DWI convictions were too
remote to be used for enhancement.  As discussed in regard to appellant=s first issue, the
remoteness provision found in former Section 49.09(e) does not apply to this
case because this offense was committed after repeal of that provision. 
Appellant asserts no other reason for trial counsel=s alleged ineffectiveness.  Because the prior
DWI convictions used to enhance the present DWI offense were admissible for
that purpose, we cannot hold that appellant has shown that counsel=s performance fell below an
objective standard of reasonableness for advising appellant to enter into a
stipulation as to those prior convictions.  Consequently, appellant has not met
the first prong of the test for ineffective assistance of counsel as outlined
in  Strickland v. Washington, 466 U.S. 668 (1984), and Hernandez
v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).  Appellant=s second issue is
overruled.  

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 19,
2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Former Section 49.09(e) provided that a conviction
could not be used for purposes of enhancing a DWI to a felony if the prior
conviction occurred more than ten years before the commission of the primary
offense unless the defendant had a qualifying intervening conviction.