Reversed and Remanded and Memorandum Opinion filed March 25, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00834-CR

___________________

 

The State of Texas, Appellant

 

V.

 

Scott Gerard Karasek, Appellee



 



 

On
Appeal from the 177th District Court

Harris County,
Texas



Trial Court Cause No. 1192979

 



 

 

MEMORANDUM  OPINION

The State of Texas challenges the
trial court’s granting of appellee Scott Gerard Karasek’s motion to quash the
indictment.  We reverse and remand.  

Background

Appellee was indicted for the felony offense of
driving a motor vehicle while intoxicated (“DWI”) on November 23, 2008.  To
establish felony jurisdiction, the indictment also alleged that appellee had been
convicted of the offense of DWI on November 14, 1989 and May 16, 2003.  

Appellee filed a Motion to Quash Indictment on
September 8, 2009, arguing that his prior DWI convictions could not be used to
enhance his current DWI charge to a felony offense.  After holding a hearing, the
trial court granted appellee’s motion in an order signed on September 11,
2009.  The State appeals from the trial court’s order granting appellee’s
motion to quash.  

Analysis 

We review the trial court’s ruling on a motion to
quash de novo.  Lawrence v. State, 240 S.W.3d 912, 915 (Tex.
Crim. App. 2007); State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App.
2004).  A defendant must be given notice before trial of the “nature and cause”
of the accusation against him.  See U.S. Const. amend. VI; Tex.
Const. art. I, § 19.  The notice must be given with sufficient
clarity and detail to enable the defendant to anticipate the State’s evidence
and prepare a proper defense to it.  See U.S. Const. amend. VI; Tex.
Const. art. I, § 19; Garcia v. State, 981 S.W.2d 683, 685
(Tex. Crim. App. 1998) (en banc). 

An indictment must allege all the facts and
circumstances necessary to establish all material elements of the offense
charged in plain and intelligible language.  Garcia, 981 S.W.2d at 685; Bynum
v. State, 767 S.W.2d 769, 779 (Tex. Crim. App. 1989) (en banc).  An indictment must allege on its face facts necessary to (1)
show that an offense was committed, (2) bar a subsequent prosecution for the
same offense, and (3) give defendant notice of precisely what offense he is
charged with committing.  Terry v. State, 471 S.W.2d 848, 852 (Tex. Crim.
App. 1971).  An indictment tracking the statutory language will satisfy
constitutional and statutory requirements; the State need not allege facts that
are merely evidentiary in nature.  State v. Mays, 967 S.W.2d 404, 406
(Tex. Crim. App. 1998) (en banc); Moreno v. State, 721 S.W.2d 295, 300
(Tex. Crim. App. 1986) (en banc).

An individual commits an offense if the individual
“is intoxicated while operating a motor vehicle in a public place.”  Tex. Penal
Code Ann. § 49.04(a) (Vernon 2009).  The offense is a third degree felony
“if it is shown on the trial of the offense that the person has previously been
convicted . . . two times of any other offense relating to the operating of a motor
vehicle while intoxicated . . . .”  Id. § 49.09(b)(2) (Vernon 2009). 


Under the current statute, there is no time restriction
on when a prior DWI conviction can be used for enhancement purposes.  See
id. § 49.09; Act of June 18, 2005, 79th Leg., R.S., ch. 996, § 3,
2005 Tex. Gen. Laws 3365, 3366 (repealing Texas Penal Code section 49.09(e),
eliminating any time restrictions on when a prior DWI conviction can be used to
enhance a new DWI charge).  Before enactment of the current statute, the use of
prior DWI convictions for enhancement purposes was subject to the “ten-year
rule;” under this rule, the State could not use a prior DWI conviction for
enhancement purposes if the defendant had not been convicted of a DWI-related
offense in the preceding ten years.  See Act of June 21, 2003, 78th
Leg., R.S., ch. 1275, § 2(117), 2003 Tex. Gen. Laws 4140, 4140, amended by
Acts 2005, 79th Leg., ch. 996, §§ 1, 3, 2005 Tex. Gen. Laws 3365, 3366.

The State argues that the trial court erred in
granting appellee’s motion to quash his indictment because, under the current DWI
statute, appellee’s prior DWI convictions can be used to enhance his current
DWI charge to a felony offense. 

Appellee argues that the trial court was correct in
granting the motion to quash his indictment because the use of his prior DWI
convictions to enhance his current DWI charge triggers a “savings clause” in
the current DWI statute, making the law in effect at the time of his prior DWI
convictions applicable to his current DWI charge.  Under the former DWI statute,
the State was prohibited from using appellee’s 1989 DWI conviction for
enhancement purposes.  Alternatively, appellee argues that the current statute
is unconstitutional because it violates (1) the United States and Texas
Constitutions’ prohibitions against using ex post facto laws, and (2) the
Texas Constitution’s prohibition against retroactive laws.

Because the current offense occurred after September
1, 2005, the current DWI statute is applicable in this case.  The current DWI
statute was enacted in House Bill 51 in 2005, and took effect on September 1,
2005.  Acts 2005, 79th Leg., R.S., ch. 996, § 3,
2005 Tex. Gen. Laws 3365, 3366, eff. Sept. 1, 2005.  House Bill 51 contains a
“savings clause”[1]
which states as follows:

The changes in law made by this Act apply only to the
penalty or the terms of community supervision for an offense under Chapter 49,
Penal Code, that is committed on or after the effective date of this Act.  The
penalty and the terms of community supervision for an offense under Chapter 49,
Penal Code, that was committed before the effective date of this Act are
covered by the law in effect when the offense was committed, and the former law
is continued in effect for that purpose.  For purposes of this section, an
offense was committed before the effective date of this Act if any element of
the offense was committed before that date.    

Id.  

Appellee argues that the savings clause is triggered
in this case by the State’s use of appellee’s prior DWI convictions for
enhancement purposes because the prior convictions are elements of the current offense,
and they were committed before September 1, 2005.    

Prior intoxication-related offenses are elements of
the offense of felony DWI.  Gibson v. State, 995 S.W.2d 693, 696 (Tex.
Crim. App. 1999).  But the exact date of a prior intoxication-related offense is
not considered an element.  See State v. Mason, 980 S.W.2d 635, 641
(Tex. Crim. App. 1998); Tietz v. State,
256 S.W.3d 377, 378-79 (Tex. App.—San Antonio 2008, pet. ref’d).  Therefore,
the State’s use of appellee’s prior DWI convictions for enhancement purposes
does not trigger the savings clause in this case.  See Tietz, 256 S.W.3d
at 379.  

Appellee next argues that the trial court properly
granted his motion to quash the indictment because House Bill 51 is
unconstitutional.  Appellee first asserts that House Bill 51 violates the United
States and Texas Constitutions’ prohibitions against using ex post facto
laws because “it changes the legal consequences of” appellee’s prior DWI
convictions.  We have held that House Bill 51 was not an ex post facto
law:

We hold that the [ten-year rule] was not an explicit
guarantee that . . . convictions could not be used in the future, but only a
restriction on what prior convictions could be used to enhance an offense at
that time.  Therefore, the 2005 changes to the DWI enhancement statute . . .
removing all time limitations on the use of prior DWI convictions to enhance
current DWI charges, did not increase [a defendant’s] punishment for . . . prior
convictions and is therefore not an ex post facto law.    

State v. Pieper, 231
S.W.3d 9, 15 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Appellee next asserts that House Bill 51 violates the
Texas Constitution’s prohibition against retroactive laws because he had a
vested right in the “ten-year rule” and House Bill 51 impairs that right.[2]  Specifically,
appellee asserts that he had a “vested right in knowing all the consequences of
[his 2003 guilty plea]” and that House Bill 51 “assigned a new disability, that
of being eligible for felony enhancement, to a transaction, the 2003 guilty
plea, that had already occurred in the past.”[3] 


A retroactive law is “a law that acts on things which
are past.”  Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d
212, 219 (Tex. 2002).  A retroactive law is unconstitutional if, “when applied,
it takes away or impairs vested rights acquired under existing law.”  Id. 
A right is “vested” when it “has some definitive, rather than merely potential
existence.”  Tex. S. Univ. v. State St. Bank & Trust Co., 212 S.W.3d
893, 903 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).  No one has a
vested right in the continuation of present laws.  Subaru of Am., 84
S.W.3d at 219.  

House Bill 51 is not a retroactive law.  The
“ten-year rule” did not create a vested, substantive right to be free from
having prior DWI convictions used for enhancement purposes; rather, it
established a prohibition preventing the State from using certain prior DWI
convictions for enhancement purposes.  See Pieper, 231 S.W.3d at
15; see also Ibarra v. State, 11 S.W.3d 189, 192-93 (Tex. Crim. App.
1999) (Prohibition against obtaining subsequent search warrants and providing
that subsequent search warrants be issued by specific courts “did not create a
vested, substantive right to be free from a second search and seizure; rather,
it established a prohibition which operated to prevent the State from seeking a
second warrant.”).  There is no right to be free from having prior convictions
used for enhancement purposes.  See generally Rummel v. Estelle,
445 U.S. 263, 276 (1980) (Texas’ interest in enacting recidivist statutes
generally includes “dealing in a harsher manner with those who by repeated
criminal acts have shown that they are simply incapable of conforming to the
norms of society as established by its criminal law.”).    

Further, the “ten-year rule” is procedural in nature
because it affects only the circumstances under which certain prior DWI
convictions can be used for enhancement purposes.  Cf. Ibarra, 11
S.W.3d at 192-93 (amendment was procedural in nature because “[i]t affects only
the circumstances in which subsequent evidentiary search warrants may be
issued; the amendment does not impact a defendant’s right to be free from unreasonable
searches and seizures”).  Procedural statutes do not affect vested rights.  Subaru
of Am., 84 S.W.3d at 219.

We sustain appellant’s sole issue.

Conclusion

            We reverse the
trial court’s September 11, 2009 order granting appellee’s motion to quash his
indictment and remand this case for further proceedings in accordance with this
opinion.

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
A “savings clause” is a clause providing that a former law is continued in
effect for certain purposes.  City of Houston v.
Houston Firefighters’ Relief & Ret. Fund, 196 S.W.3d 271, 283
(Tex. App.—Houston [1st Dist.] 2006, no pet.).   





[2] The Court of Criminal
Appeals has not yet determined whether the retroactive law prohibition extends
to criminal cases.  See Grimes v. State, 807 S.W.2d 582, 586
(Tex. Crim. App. 1991) (en banc).  As the court did in Grimes, we assume
without deciding that the prohibition applies to criminal cases for the
purposes of addressing this argument.  See id. at 587-88.  





[3] In 2003, appellee pleaded
guilty to misdemeanor DWI.  Under the DWI statute in effect at that time, his
1989 DWI conviction could not be used for enhancement purposes.