John Todd VANDERHORST, Appellant,

v.

STATE of Texas, Appellee.

No. 11–00–00170–CR.

Court of Appeals of Texas, Eastland.

June 7, 2001.

Phil Nichols, Stephenville, TX, for appellant.

John Terrill, District Attorney, Stephenville, TX, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, and McCALL, JJ.

OPINION

McCALL, Justice.

A jury found appellant guilty of the felony offense of driving while intoxicated. The trial court assessed punishment at 36 years confinement. Appellant raises four issues on appeal: that the State failed to show reasonable suspicion to justify the initial temporary detention; that the trial court's charge violated *Tamez v. State*, 11 S.W.3d 198 (Tex.Cr.App.2000); that there was insufficient evidence to support the jury's verdict; and that the trial court erred in finding Enhancement Paragraphs Nos. II and III of the indictment to be true. We affirm.

 In his first issue, appellant contends that the trial court erred in overruling his motion to suppress because the arresting officer detained appellant based upon an anonymous tip that was not corroborated. In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Cr.App.1997). Because the trial court is the exclusive finder of fact, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *State v. Ballard*, 987 S.W.2d 889 (Tex.Cr.App. 1999). Thus, the trial court's findings of fact are controlling unless the trial court abused its discretion in making them. *Guzman v. State*, supra. Appellate courts, however, review de novo mixed questions of law and fact, such as reasonable suspicion and probable cause. *Guzman v. State*, supra; *Davila v. State*, 4 S.W.3d

844, 847 (Tex.App.—Eastland 1999, no pet'n).

Ron Cummings testified at the motion to suppress hearing that he had been following a pickup that was being driven very erratically and that he had called "911" to report the pickup. Cummings remembered the pickup hitting a sign or a reflector and remembered that he had parked behind the pickup at one point; but, by the time of the hearing, he did not remember the description of the pickup that he had given to the "911" operator. Cummings did recall that he had given his name and his cell telephone number to the "911" operator.

Deputy Sheriff Matt Hammonds testified that he received a call from the Erath County Sheriff's Office Dispatch. The dispatcher said that the caller to "911" had called about an apparently intoxicated driver of a red pickup with the tailgate down or missing. Deputy Hammonds drove to the general area identified by the caller. Approximately six miles out of Stephenville, Deputy Hammonds saw appellant urinating beside a red and white pickup on the opposite side of the road. The pickup had its headlights on and was backed into a private road. Deputy Hammonds went past the pickup, turned around, and planned to pull in near the pickup to question the driver. The pickup turned off its headlights and began backing up the private road before Deputy Hammonds reached the private road turnoff. Deputy Hammonds testified that the private road is open to the public, that the pickup appeared to be "very similar to the description of the vehicle" given by the dispatcher, and that he had to activate his emergency lights to get the pickup to stop backing up. After the pickup stopped, Deputy Hammonds noticed that the pickup's tailgate was missing. Deputy Hammonds testified that he detained appellant

because appellant's urinating on the side of the road constituted disorderly conduct and because the pickup matched the description he had been given.

■ Facts known by the officer which fall short of probable cause for an arrest may still justify a temporary investigation or detention if the officer has a reasonable suspicion based on those specific articulable facts. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is determined by the totality of the circumstances in each case. *Loesch v. State*, 958 S.W.2d 830 (Tex.Cr. App.1997); *State v. Sailo*, 910 S.W.2d 184 (Tex.App.—Fort Worth 1995, pet'n ref'd). The State demonstrated specific articulable facts which, in light of his experience and knowledge, justified Deputy Hammonds' detention of appellant. See *Woods v. State*, 956 S.W.2d 33, 38 (Tex.Cr.App. 1997). Appellant appeared to be committing a misdemeanor when first observed by Deputy Hammonds, and his truck matched the description given by the caller to "911." Flight from an officer also can provide a reasonable suspicion that justifies an investigative detention. See *Illinois v. Wardlow*, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). The description of the pickup and its actions came from a citizen who appeared inherently trustworthy.[1] The caller in this case was not anonymous as was the caller in *State v. Simmang*, 945 S.W.2d 219 (Tex.App.—San Antonio 1997, no pet'n), relied upon by appellant. Appellant's first issue is overruled.

In his second issue, appellant argues that the trial court's charge violated *Tamez v. State*, supra, because the charge included a reference to the fact that appellant's two prior driving while intoxicated (DWI) convictions were "felony" DWI convictions. In *Tamez*, the indictment alleged that the defendant had six previous DWI convictions. The defendant offered to stipulate to two of them if the State would not mention or offer evidence of his prior convictions to the jury. The trial court refused his request. Over the defendant's objection, the State read the indictment, including the six previous DWI convictions, and introduced evidence of the defendant's six previous convictions during the guilt/innocence phase. The *Tamez* court held that a defendant's stipulation admitting two previous DWI convictions is sufficient to vest the trial court with jurisdiction under TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp.2001) and that it is error under TEX.R.EVID. 403 for the trial court to allow evidence of the prior convictions when the defendant has so stipulated.

Appellant's indictment alleged that this felony DWI offense occurred on October 21, 1999. The indictment alleged prior felony DWI convictions in 1990, 1989, and 1985, a misdemeanor DWI conviction in 1985, and two misdemeanor DWI convictions in 1983. Enhancement Paragraph No. I alleged a felony DWI conviction in 1995; Enhancement Paragraph No. II alleged a felony DWI conviction in 1992; and Enhancement Paragraph No. III alleged a conviction for the felony offense of Bail Jumping and Failure to Appear in 1990.

Prior to trial, appellant stipulated to the 1990 and 1989 felony DWI convictions. The State read to the jury appellant's indictment and referred only to those two convictions. The State did not introduce

---

1. Because the State called Cummings as a witness, the trial court and the parties apparently assumed that Cummings was the caller despite his lack of memory of the details by the time of the motion to suppress hearing and despite the fact that the State did not introduce the records of the calls.

evidence of any prior DWI convictions during the guilt/innocence phase.[2] Appellant, however, objected to this portion of the trial court's charge:

> You are instructed that in this case, the defendant has voluntarily stipulated before the court that he is the same person who has twice before been finally convicted of the offense of Felony Driving While Intoxicated, as specified in said stipulation.

Appellant contends that the trial court's reference to "felony" in this instruction allowed the jury to assume appellant had been convicted of at least four previous DWI offenses and, thus, that the trial court's reference served only to improperly prove appellant's "bad character" and to inflame the jury's prejudice in violation of *Tamez v. State*, supra, and Rule 403.

■ We decline to extend *Tamez* to prohibit a trial court from referring in its charge to the word "felony" when the defendant stipulates to two prior felony DWI convictions alleged as an element in the indictment for the current felony DWI offense. TEX. CODE CRIM. PRO. ANN art. 36.14 (Vernon Supp.2001) requires the judge to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." As the court expressed it in *Rider v. State*, 567 S.W.2d 192, 195 (Tex.Cr.App.1978):

> A trial court is required to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented. Article 36.14, V.A.C.C.P.; *Perez v. State*, 537 S.W.2d 455 (Tex.Cr.App.1976); *Harris v. State*, 522 S.W.2d 199 (Tex.Cr.App.1975). It is a necessity that the court charge on all the essential elements of an offense.

*Bradley v. State*, 560 S.W.2d 650 (Tex. Cr.App.1978), and cases cited therein.

Appellant stipulated to the existence of the two prior felony DWI convictions; this satisfied the State's burden of proof on that element. The application paragraph in the court's charge still should require the jury, before rendering a verdict of guilty, to find that a defendant is guilty of all the elements of the felony DWI offense, including the jurisdictional element. We overrule appellant's second issue.

■ In his third issue, appellant contends that the evidence was legally and factually insufficient to support the jury's verdict. In reviewing claims of legal sufficiency, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex.Cr.App.2000); *Clewis v. State*, 922 S.W.2d 126 (Tex.Cr. App.1996). In deciding whether the evidence is factually sufficient to support the conviction, we review all of the evidence in a neutral light favoring neither party to determine if the verdict is clearly wrong and manifestly unjust or against the great weight of the evidence. *Johnson v. State*, 23 S.W.3d 1 (Tex.Cr.App.2000); *Clewis v. State*, supra. We review the fact finder's weighing of the evidence and cannot substitute our judgment for that of the fact finder. *Cain v. State*, 958 S.W.2d 404 (Tex.Cr.App.1997); *Clewis v. State*, supra. Due deference must be given to the fact finder's determination, particularly concerning the weight and credibility of the evidence. *Johnson v. State*, supra.

---

**2.** Under *Tamez v. State*, supra, one court held that it is error for the State to introduce evidence regarding the stipulated prior DWI convictions during the guilt/innocence phase. *Robles v. State*, 20 S.W.3d 162 (Tex.App.— Houston [14th Dist.] 2000, pet'n granted).

 Cummings testified at trial about observing a male driving a pickup very erratically and about his call to report the erratic driving. After testifying to the same matters covered during the pretrial hearing, Deputy Hammonds said that he detected "a strong odor of alcoholic beverage coming from" appellant when he asked appellant for his license and proof of insurance. Appellant failed the field sobriety tests and swayed when he walked. Deputy Hammonds' encounter with appellant was videotaped as. was appellant's refusal to do further sobriety tests at the jail. The jury watched the videotape. Deputy Hammonds testified that there were 11 bottles of Budweiser and "one opened Budweiser in the center console" of appellant's pickup. Deputy Tom Green also testified that he smelled alcohol on appellant as they were putting appellant in the patrol car and that appellant was argumentative. After reviewing all of the evidence, we find that it is legally and factually sufficient to support the jury's verdict of guilty. Appellant's third issue is overruled.

In his fourth issue, appellant contends that the trial court erred in finding the second and third enhancement paragraphs true because appellant's 1990 conviction for the felony offense of bail jumping did not occur prior in time to one of the elements in appellant's 1992 felony DWI conviction. The "element" referred to by appellant was the jurisdictional two prior DWI convictions proven for appellant's 1992 felony DWI conviction. While the prior two convictions (that occurred before 1990) were a jurisdictional element of appellant's 1992 felony DWI conviction, the exact dates of those prior convictions were not elements of the 1992 felony conviction. See *State v. Mason*, 980 S.W.2d 635, 640 (Tex.Cr.App.1998); *In re State ex rel. Hilbig*, 985 S.W.2d 189, 192 (Tex.App.—San Antonio 1998, no pet'n). We overrule appellant's fourth issue.

### This Court's Ruling

The judgment of the trial court is affirmed.