11th Court of Appeals
Eastland, Texas
Opinion
 
Martin Rios
            Appellant
Vs.                  No. 11-03-00370-CR -- Appeal from Ector County
State of Texas
            Appellee
 
            The jury convicted Martin Rios of possession of less than one gram of cocaine, and the trial
court assessed his punishment at confinement in a state jail facility for 20 months. We affirm.
            The record reflects that Odessa Police Officer Kevin Mullins discovered cocaine inside of
two one dollar bills in appellant’s possession. Appellant filed a motion to suppress contending that
the search was not voluntary and that the officer lacked probable cause. After a hearing, the trial
court denied the motion.
            In his sole issue on appeal, appellant contends that he did not consent to a search of his
person and that there was no probable cause to arrest him. Appellant argues that the trial court
should have suppressed the cocaine. We disagree.
            In reviewing a trial court’s ruling on a motion to suppress, an appellate court must uphold
the trial court’s ruling if it is reasonably supported by the record and is correct under any applicable
theory of law. State v. Steelman, 93 S.W.3d 102, 107 (Tex.Cr.App.2002); Romero v. State, 800
S.W.2d 539, 543-44 (Tex.Cr.App.1990). Appellate courts must give great deference to the trial
court’s findings of historical facts as long as the record supports the findings. Guzman v. State, 955
S.W.2d 85 (Tex.Cr.App.1997). We must afford the same amount of deference to the trial court’s
rulings on “mixed questions of law and fact,” such as the issue of probable cause, if the resolution
of those ultimate questions turns on an evaluation of credibility and demeanor. Guzman v. State,
supra at 89. Appellate courts, however, review de novo “mixed questions of law and fact” not
falling within the previous category. Guzman v. State, supra. When faced with a mixed question
of law and fact, the critical question under Guzman is whether the ruling “turns” on an evaluation
of credibility and demeanor. Loserth v. State, 963 S.W.2d 770, 773 (Tex.Cr.App.1998). A question
“turns” on an evaluation of credibility and demeanor when the testimony of one or more witnesses,
if believed, is always enough to add up to what is needed to decide the substantive issue. Loserth
v. State, supra. We must view the record in the light most favorable to the trial court’s ruling and
sustain the trial court’s ruling if it is reasonably correct on any theory of law applicable to the case. 
Guzman v. State, supra.
            At the suppression hearing, Officer Mullins testified that he was patrolling the south side of
Odessa on February 14, 2002. At 12:45 a.m., Officer Mullins was driving on South Crane when he
passed the Tejano Rodeo club. Officer Mullins saw appellant in the north parking lot of the club.
Appellant was urinating on the wall of the club. Officer Mullins described how he saw urine pass
from appellant’s body onto the wall.
            Officer Mullins testified that he decided to contact appellant for a possible public intoxication
violation. Officer Mullins stated that he asked appellant for consent to search his person and asked
appellant to empty his pockets onto the hood of Officer Mullins’ car. Appellant voluntarily
complied.
            Appellant took a dollar bill that was “folded up into a quarter” out of his pockets. Officer
Mullins testified that it was “fairly common” to see a dollar bill used this way as “packaging” for
cocaine. Officer Mullins opened the dollar bill and found a white powder substance. The substance
field tested positive for cocaine. After placing appellant under arrest for possession of cocaine,
Officer Mullins found another folded dollar bill in appellant’s wallet. The second dollar bill was
folded “more tightly” and also contained cocaine.
            Officer Mullins testified that appellant was “very well behaved.” He was quiet and “fairly
subdued.” Officer Mullins stated that appellant was cooperative.
            On cross-examination, Officer Mullins testified that he did not recall “directing” appellant
to empty his pockets. He testified that he believed that he asked appellant to empty his pockets and
that he made it clear that he was asking permission to search appellant’s person. Officer Mullins
stated that he did not arrest appellant until after he found the first dollar bill containing cocaine.
Officer Mullins was the only witness at the suppression hearing.
            Appellant contends that the State did not establish that he had committed an offense. 
Therefore, appellant argues that Officer Mullins did not have sufficient probable cause to search or
arrest him. 
            An officer may have facts that fall short of probable cause to arrest but that provide a
reasonable suspicion of possible criminal activity and justify a temporary investigation or detention.
Terry v. Ohio, 392 U.S. 1 (1968); Balentine v. State, 71 S.W.3d 763 (Tex.Cr.App.2002);
Vanderhorst v. State, 52 S.W.3d 237 (Tex.App. - Eastland 2001, no pet’n). The officer’s reasonable
suspicion must be based on specific, articulable facts. Terry v. Ohio, supra; Vanderhorst v. State,
supra. The reasonableness of a temporary detention or investigation must be reviewed in terms of
the totality of the circumstances of each case. Balentine v. State, supra.
            The record reflects that Officer Mullins had a reasonable suspicion based on specific,
articulable facts to approach appellant and that appellant voluntarily took the dollar bills containing
cocaine from his pocket. The trial court did not err, and the issue is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
April 28, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.