02-10-503-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00503-CR

 

 


 
 
 George Michael Carter a/k/a Michael George Carter
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 43rd
District Court OF Parker COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
George Michael Carter, also known as Michael George Carter, pled guilty to
felony driving while intoxicated (DWI) but not true to the habitual offender counts. 
A jury convicted him, found the habitual offender counts true, and assessed his
punishment at life imprisonment.  The trial court sentenced him accordingly.  In
three points, Appellant contends that the trial court erred by overruling his
objection to the jury charge; that “proper finality sequencing” was not shown
with respect to the second habitual offender count; and that the trial court
abused its discretion by overruling his objection to the prosecutor’s closing
argument.  Because we hold that the trial court did not reversibly err, we
affirm the trial court’s judgment.

I.  Date of
Conviction Relied on in Jurisdictional/Offense-Enhancement  Paragraph Is Not
Element of Charged Offense; Conviction Relied on in Habitual Offender Count May
Therefore Properly Occur on Same Date.

In
his first point, Appellant contends that “[t]he trial court reversibly erred
and abused its discretion in denying [his] objection to the court’s charge.” 
In his second point, Appellant contends that “[t]he verdict of the jury and the
judgment of the court should be reversed and remanded for a new trial on the
issue of penalty because proper finality sequencing was not shown with respect
to Enhancement Two.”  He consolidates these two points for argument.

The
indictment charges Appellant with the instant DWI and alleges six prior DWI
convictions in six respective jurisdictional or offense-enhancing paragraphs to
elevate the instant DWI to a felony DWI.  The sixth offense-enhancing paragraph
provides,

[A]nd it is further
presented in and to said Court that prior to the commission of the aforesaid
offense by the said [Appellant] on or about the 3rd day of December,
1984 or 10th day of May 1989, in the Criminal District
Court No. Two, of Tarrant County, Texas, cause No. 0239589D, the said [Appellant]
was convicted of the offense of [DWI] and said conviction became final prior to
the commission of the aforesaid offense.  [Emphasis added.]

The
sentence-enhancing counts provide,

ENHANCEMENT
ONE

[A]nd it is further
presented in and to said court that prior to the commission of the aforesaid
offense by the said [Appellant] on the 22nd day of January, 1997, in
the 371st District Court, Tarrant County, Texas, Cause No. 0643353W,
the said [Appellant] was convicted of the offense of [DWI] and said conviction
became final prior to the commission of the primary offense in
Paragraph One, which was alleged to have occurred on August 29, 2009,

ENHANCEMENT
TWO

[A]nd it is further
presented in and to said Court, that prior to the commission of the
primary offense alleged in Paragraph One by the said [Appellant], on
the 10th day of May, 1989 in the Criminal District
Court No. Two, Tarrant County, Texas, Cause No. 0342499D, the said [Appellant]
was convicted of a felony, to-wit:  [DWI] And Two Prior Felony Convictions For [DWI],
and said conviction became final prior to the commission of the offenses
alleged in Paragraph One and Enhancement One.  [Emphasis added.]

The
jury charge repeated the enhancement paragraphs and instructed,

[I]f you find beyond
a reasonable doubt [Appellant] is the same person who was previously and
finally convicted as alleged in Enhancement One and Enhancement Two and that
said convictions became final prior to the commission of the offense alleged in
the indictment set out above, and you find that the conviction in Enhancement
Two became final prior to the commission of the offense in Enhancement One, you
will find said allegations “True” and assess his punishment at confinement . . .
for any term of not more than 99 years or life or less than 25 years.

In
the jury charge conference, Appellant objected,

The
last one that’s alleged in the body of the indictment is a conviction on
the—and here it gets a little strange.  It’s for [Appellant] and it says, “On
or about the 3rd day of December 1984, or the 10th day of May, 1989.”  So it’s
got two dates of conviction because I think it involved a probation that was
ultimately revoked later.  It’s in Criminal District Court Number Two.  It’s
the case number 0239589D.

Now,
the reason I point that out is that when we get to the enhancement allegations,
Enhancement Allegation One alleges that it occurred before the primary offense
in 1997.

The
habitual allegation, which originally in the indictment was Enhancement
Paragraph Two B . . . , I think that’s correct.  Yeah.  It
alleges that the conviction occurred on the 10th day of May, 1989, in Cause No.
342499D.

The
problem with the way that this is alleged is that it also alleges in the
habitual—or the second enhancement allegation at the end, it says, “And said
conviction became final prior to the commission of the offenses (multiple)
alleged in Paragraph One and Enhancement One.”

Well,
Paragraph One would be all of the priors in addition to the primary offense
because those are all offenses.  And the last one of those priors is the same
date of conviction, the 10th of May, 1989, as in the habitual count.  So it
couldn’t have been before that.  That means that we really don’t have a
habitual count the way this is pled in the amended indictment because it’s not
before that.

.
. . . 

.
. . .  [W]e can’t have a habitual count because one of the priors they
allege for jurisdiction to get it to a felony in the first place happens on the
same day as the one alleged in Enhancement Paragraph Two.

So
I don’t think there should be a second enhancement submitted to the jury with a
habitual punishment range for that reason.  [Emphasis added.]

The
trial court overruled Appellant’s objection to the jury charge.

Appellant
does not contend that the State did not prove the existence of the six
different jurisdictional prior convictions, or offense-enhancing paragraphs,
nor does he contend that the State did not prove the two habitual offender
paragraphs.  Appellant essentially contends that because the second habitual
offender paragraph and the sixth jurisdictional, or offense-enhancing,
paragraph rely on convictions of the same date, the jury was erroneously
charged and his sentence was erroneously enhanced using the second habitual
offender paragraph.  Appellant in no way alleges that the two paragraphs rely
on the same conviction.  Instead, Appellant contends that the law requires that
a conviction relied on in a habitual offender paragraph must have occurred
before any conviction relied on in the jurisdictional, offense-enhancing
paragraph.  Appellant cites no authority supporting his overlay of the
requirements for habitual offender paragraphs onto jurisdictional or
offense-enhancing paragraphs, nor have we found any.

Section
12.42(d) controls how sentences are enhanced based on prior convictions.[2] 
The statute provides in relevant part,

[I]f it is shown on
the trial of a felony offense . . . that the defendant has
previously been finally convicted of two felony offenses, and the second
previous felony conviction is for an offense that occurred subsequent to the
first previous conviction having become final, on conviction the defendant
shall be punished by imprisonment in the Texas Department of Criminal Justice
for life, or for any term of not more than 99 years or less than 25 years.[3]

In explaining
how section 12.42(d) of the penal code works, the Texas Court of Criminal
Appeals stated,

[T]he chronological
sequence of events must be proved as follows: (1) the first conviction becomes
final; (2) the offense leading to a later conviction is committed; (3) the
later conviction becomes final; (4) the offense for which defendant presently
stands accused is committed.  The State carries the burden of proving beyond a
reasonable doubt that a defendant’s second previous felony conviction was
committed after the defendant’s first previous felony conviction became final.  And
when there is no evidence to show that the offenses were committed and
became final in the proper sequence, the defendant’s sentence may not be
enhanced under the State’s habitual offender statutes.[4]

While
section 12.42(d) of the penal code controls how sentences are enhanced based on
prior convictions,[5] section 49.09(b)(2) prescribes
the manner in which a misdemeanor DWI becomes a felony of the third degree.[6] 
The statute provides that a DWI “is a felony of the third degree if it is shown
on the trial of the offense that the person has previously been convicted . . .
two times of any other offense relating to the operating of a motor vehicle
while intoxicated . . . .”[7]  The prior
intoxication-related offenses, or jurisdictional priors, are elements of the
felony DWI.[8]  Thus, the State must
prove the fact of each prior jurisdictional conviction beyond a reasonable
doubt in the guilt phase of the trial.[9]  But the exact date that
such prior conviction occurred is not an element that the State must prove.[10]

Further,
in contrast to section 12.42(d) concerning habitual offender counts, section
49.09(b)(2) contains no requirement that the offense-enhancing convictions, or
jurisdictional priors, occur in sequential order or even in separate
transactions.[11]  Subsection (g),
however, does prohibit using the same conviction to both elevate a DWI offense
to a higher class of misdemeanor or to a felony and to also enhance the
sentence.[12]  Appellant does not
raise that issue here.

Applying
the law to the facts before us, while it is true that the elements of the
instant primary DWI offense had to have occurred after the two sequential convictions
relied on in the habitual offender paragraphs for Appellant’s sentence to be
enhanced under section 12.42(d), the dates of the jurisdictional priors, or
offense-enhancing convictions, used to enhance Appellant’s instant primary DWI
offense to a felony under section 49.09(b)(2) are not elements of that primary
DWI offense.[13] 
In Vanderhorst v. State, Vanderhorst argued that the trial court erred by
finding the second and third habitual offender paragraphs true because his 1990
conviction for the felony offense of bail jumping (relied on in the third
habitual offender paragraph) did not occur before “one of the elements in [his]
1992 felony DWI conviction” (relied on in the second habitual offender
paragraph).[14]  As our sister court
explained in overruling his point,

The “element” referred to by [Vanderhorst] was the
jurisdictional two prior DWI convictions proven for [his] 1992 felony DWI
conviction.  While the prior two convictions (that occurred before 1990) were a
jurisdictional element of [his] 1992 felony DWI conviction, the exact dates of
those prior convictions were not elements of the 1992 felony conviction.[15]

Thus,
there is no requirement that the jurisdictional priors, or convictions used to
enhance Appellant’s instant DWI to a felony, had to have occurred before the
offenses or convictions used to enhance his sentence.  Consequently, the trial
court properly charged the jury.  Appellant raises no other complaint about the
sufficiency of the State’s proof of enhancements.  We therefore overrule
Appellant’s first two points.




II.  Trial Court
Committed No Reversible Error by Overruling Appellant’s Objections to State’s
Closing Argument.

In
his third point, Appellant complains that the trial court abused its discretion
by overruling his objection to the prosecutor’s closing argument.  The
prosecutor argued that in assessing punishment, the jury should consider that
Appellant could not quit driving while intoxicated because “he either doesn’t
care, doesn’t care enough, or really doesn’t mind.  He doesn’t want to change. 
To change, you have—.”  Defense counsel objected that the argument was outside
the record, baseless, and injected new and harmful facts into the case.  The
trial court overruled the objection.  But before the argument complained of,
the prosecutor argued,

They couldn’t even
keep straight how many times he went to rehab, where he went to rehab, how long
he was in rehab.  And you know why?  He didn’t want rehab.  You got to want it
before you’re going to do it.  And it doesn’t appear from his history that he
wants to do it.

Appellant
did not object.

Nor
did he object after the complained-of argument when the prosecutor argued,

·       
Folks,
you’ve got to want to change to change.  And there’s been no evidence from
future conduct that he’s done so.

·       
It
goes back to what we talked about earlier.  You have to want to change.  Did he
want to change?  I don’t know.  We sent him to everything.

·       
Folks,
you’ve got to want to change.  You’ve got to want to change.

·       
You
can’t tell me that a person that drunk doesn’t know how dangerous they’re going
to be.  They’ve got to know how dangerous they’re going to be out there.  And
they’ve got to make a conscious decision, granted a drunk decision, but a
conscious decision that they don’t care.  They just don’t care.  Once.  Once. 
But beyond that [initial DWI], folks, anything beyond that, you just must not
care to change.

Appellant’s failure to object to prior and
subsequent arguments that he did not want to change and did not care renders
any possible error harmless.[16]  Accordingly, we
overrule Appellant’s third point.

III. 
Conclusion

Having
overruled Appellant’s three points, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 26, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. § 12.42(d)
(West Supp. 2011).





[3]Id.





[4]Jordan v. State, 256 S.W.3d 286, 290–91
(Tex. Crim. App. 2008) (citations and internal marks omitted).





[5]See Tex. Penal Code Ann. § 12.42(d).





[6]See id. § 49.09(b)(2).





[7]Id.





[8]See Gibson v. State, 995 S.W.2d 693,
696 (Tex. Crim. App. 1999).





[9]See id.; Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App—San Antonio 1998, pet. ref’d)
(applying the Jackson standard to a sufficiency review of prior offenses
that were jurisdictional elements of the crime at issue); see also Goode
v. State, No. 02-10-00465-CR, 2011 WL 4502333, at *1 (Tex. App.—Fort
Worth Sept. 29, 2011, pet. ref’d).





[10]See Tietz v. State, 256 S.W.3d 377,
378–79 (Tex. App.—San Antonio 2008, pet. ref’d); Vanderhorst v. State,
52 S.W.3d 237, 242 (Tex. App.—Eastland 2001, no pet.); see also State v.
Mason, 980 S.W.2d 635, 639–41 (Tex. Crim. App. 1998) (holding that while
Mason’s status as felon was an element of the instant offense—possession of a
firearm by a convicted felon—the dates of his prior convictions were not).





[11]See Tex. Penal Code Ann. § 49.09(b)(2);
Gibson, 995 S.W.2d at 696.





[12]See Tex. Penal Code Ann. § 49.09(g)
(West Supp. 2011).





[13]See Tietz, 256 S.W.3d at 378–79; Vanderhorst,
52 S.W.3d at 242; see also Mason, 980 S.W.2d at 639–41.





[14]Vanderhorst, 52 S.W.3d at 242.





[15]Id. (citations omitted).





[16]See Lucero v. State, 246 S.W.3d 86,
101–02 (Tex. Crim. App.), cert. denied, 555 U.S. 818 (2008); Howard
v. State, 153 S.W.3d 382, 384–86 (Tex. Crim. App. 2004), cert. denied,
546 U.S. 1214 (2006).