

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00503-CR

GEORGE MICHAEL CARTER A/K/A                          APPELLANT
MICHAEL GEORGE CARTER

V.

THE STATE OF TEXAS                                          STATE

----------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant George Michael Carter, also known as Michael George Carter, pled guilty to felony driving while intoxicated (DWI) but not true to the habitual offender counts. A jury convicted him, found the habitual offender counts true, and assessed his punishment at life imprisonment. The trial court sentenced him accordingly. In three points, Appellant contends that the trial court erred by

---

[1]*See* Tex. R. App. P. 47.4.

overruling his objection to the jury charge; that "proper finality sequencing" was not shown with respect to the second habitual offender count; and that the trial court abused its discretion by overruling his objection to the prosecutor's closing argument. Because we hold that the trial court did not reversibly err, we affirm the trial court's judgment.

**I. Date of Conviction Relied on in Jurisdictional/Offense-Enhancement Paragraph Is Not Element of Charged Offense; Conviction Relied on in Habitual Offender Count May Therefore Properly Occur on Same Date.**

In his first point, Appellant contends that "[t]he trial court reversibly erred and abused its discretion in denying [his] objection to the court's charge." In his second point, Appellant contends that "[t]he verdict of the jury and the judgment of the court should be reversed and remanded for a new trial on the issue of penalty because proper finality sequencing was not shown with respect to Enhancement Two." He consolidates these two points for argument.

The indictment charges Appellant with the instant DWI and alleges six prior DWI convictions in six respective jurisdictional or offense-enhancing paragraphs to elevate the instant DWI to a felony DWI. The sixth offense-enhancing paragraph provides,

> [A]nd it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said [Appellant] on or about the 3rd day of December, 1984 **or *10th day of May 1989***, in the Criminal District Court No. Two, of Tarrant County, Texas, cause No. 0239589D, the said [Appellant] was convicted of the offense of [DWI] and said conviction became final prior to the commission of the aforesaid offense. [Emphasis added.]

The sentence-enhancing counts provide,

## ENHANCEMENT ONE

[A]nd it is further presented in and to said court that prior to the commission of the aforesaid offense by the said [Appellant] on the 22nd day of January, 1997, in the 371st District Court, Tarrant County, Texas, Cause No. 0643353W, the said [Appellant] was convicted of the offense of [DWI] and said conviction became final prior to the commission of **the primary offense** in Paragraph One, which was alleged to have occurred on August 29, 2009,

## ENHANCEMENT TWO

[A]nd it is further presented in and to said Court, that **prior to the commission of the primary offense alleged in Paragraph One** by the said [Appellant], on the **10th day of May, 1989** in the Criminal District Court No. Two, Tarrant County, Texas, Cause No. 0342499D, the said [Appellant] was convicted of a felony, to-wit: [DWI] And Two Prior Felony Convictions For [DWI], **and said conviction became final prior to the commission of the offenses alleged in Paragraph One** and Enhancement One.  [Emphasis added.]

The jury charge repeated the enhancement paragraphs and instructed,

[I]f you find beyond a reasonable doubt [Appellant] is the same person who was previously and finally convicted as alleged in Enhancement One and Enhancement Two and that said convictions became final prior to the commission of the offense alleged in the indictment set out above, and you find that the conviction in Enhancement Two became final prior to the commission of the offense in Enhancement One, you will find said allegations "True" and assess his punishment at confinement . . . for any term of not more than 99 years or life or less than 25 years.

In the jury charge conference, Appellant objected,

The last one that's alleged in the body of the indictment is a conviction on the—and here it gets a little strange.  It's for [Appellant] and it says, "On or about the 3rd day of December 1984, or the 10th day of May, 1989."  So it's got two dates of conviction because I think it involved a probation that was ultimately revoked later.  It's in Criminal District Court Number Two.  It's the case number 0239589D.

Now, the reason I point that out is that when we get to the enhancement allegations, Enhancement Allegation One alleges that it occurred before the primary offense in 1997.

The habitual allegation, which originally in the indictment was Enhancement Paragraph Two B . . . , I think that's correct. Yeah. It alleges that the conviction occurred on the 10th day of May, 1989, in Cause No. 342499D.

The problem with the way that this is alleged is that it also alleges in the habitual—or the second enhancement allegation at the end, it says, "And said conviction became final prior to the commission of the offenses (multiple) alleged in Paragraph One and Enhancement One."

Well, Paragraph One would be all of the priors in addition to the primary offense because those are all offenses. And the last one of those priors is the same date of conviction, the 10th of May, 1989, as in the habitual count. So it couldn't have been before that. That means that we really don't have a habitual count the way this is pled in the amended indictment because it's not before that.

. . . .

. . . . *[W]e can't have a habitual count because one of the priors they allege for jurisdiction to get it to a felony in the first place happens on the same day as the one alleged in Enhancement Paragraph Two.*

So I don't think there should be a second enhancement submitted to the jury with a habitual punishment range for that reason. [Emphasis added.]

The trial court overruled Appellant's objection to the jury charge.

Appellant does not contend that the State did not prove the existence of the six different jurisdictional prior convictions, or offense-enhancing paragraphs, nor does he contend that the State did not prove the two habitual offender paragraphs. Appellant essentially contends that because the second habitual

4

offender paragraph and the sixth jurisdictional, or offense-enhancing, paragraph rely on convictions of the same date, the jury was erroneously charged and his sentence was erroneously enhanced using the second habitual offender paragraph. Appellant in no way alleges that the two paragraphs rely on the same conviction. Instead, Appellant contends that the law requires that a conviction relied on in a habitual offender paragraph must have occurred before any conviction relied on in the jurisdictional, offense-enhancing paragraph. Appellant cites no authority supporting his overlay of the requirements for habitual offender paragraphs onto jurisdictional or offense-enhancing paragraphs, nor have we found any.

Section 12.42(d) controls how sentences are enhanced based on prior convictions.[2] The statute provides in relevant part,

> [I]f it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.[3]

In explaining how section 12.42(d) of the penal code works, the Texas Court of Criminal Appeals stated,

> [T]he chronological sequence of events must be proved as follows: (1) the first conviction becomes final; (2) the offense leading to a

---

[2]*See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2011).

[3]*Id.*

5

later conviction is committed; (3) the later conviction becomes final; (4) the offense for which defendant presently stands accused is committed. The State carries the burden of proving beyond a reasonable doubt that a defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final. And when there is *no* evidence to show that the offenses were committed and became final in the proper sequence, the defendant's sentence may not be enhanced under the State's habitual offender statutes.[4]

While section 12.42(d) of the penal code controls how sentences are enhanced based on prior convictions,[5] section 49.09(b)(2) prescribes the manner in which a misdemeanor DWI becomes a felony of the third degree.[6] The statute provides that a DWI "is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ."[7] The prior intoxication-related offenses, or jurisdictional priors, are elements of the felony DWI.[8] Thus, the State must prove the fact of each prior jurisdictional conviction beyond a reasonable doubt in the guilt phase of the trial.[9] But the

---

[4]*Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008) (citations and internal marks omitted).

[5]*See* Tex. Penal Code Ann. § 12.42(d).

[6]*See id.* § 49.09(b)(2).

[7]*Id.*

[8]*See Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999).

[9]*See id.; Zimmer v. State,* 989 S.W.2d 48, 50 (Tex. App—San Antonio 1998, pet. ref'd) (applying the *Jackson* standard to a sufficiency review of prior

exact date that such prior conviction occurred is not an element that the State must prove.[10]

Further, in contrast to section 12.42(d) concerning habitual offender counts, section 49.09(b)(2) contains no requirement that the offense-enhancing convictions, or jurisdictional priors, occur in sequential order or even in separate transactions.[11] Subsection (g), however, does prohibit using the same conviction to both elevate a DWI offense to a higher class of misdemeanor or to a felony and to also enhance the sentence.[12] Appellant does not raise that issue here.

Applying the law to the facts before us, while it is true that the elements of the instant primary DWI offense had to have occurred after the two sequential convictions relied on in the habitual offender paragraphs for Appellant's sentence to be enhanced under section 12.42(d), the dates of the jurisdictional priors, or offense-enhancing convictions, used to enhance Appellant's instant primary DWI offense to a felony under section 49.09(b)(2) are not elements of that primary

---

offenses that were jurisdictional elements of the crime at issue); *see also Goode v. State*, No. 02-10-00465-CR, 2011 WL 4502333, at *1 (Tex. App.—Fort Worth Sept. 29, 2011, pet. ref'd).

[10] *See Tietz v. State*, 256 S.W.3d 377, 378–79 (Tex. App.—San Antonio 2008, pet. ref'd); *Vanderhorst v. State*, 52 S.W.3d 237, 242 (Tex. App.—Eastland 2001, no pet.); *see also State v. Mason*, 980 S.W.2d 635, 639–41 (Tex. Crim. App. 1998) (holding that while Mason's status as felon was an element of the instant offense—possession of a firearm by a convicted felon—the dates of his prior convictions were not).

[11] *See* Tex. Penal Code Ann. § 49.09(b)(2); *Gibson*, 995 S.W.2d at 696.

[12] *See* Tex. Penal Code Ann. § 49.09(g) (West Supp. 2011).

7

DWI offense.[13]  In *Vanderhorst v. State,* Vanderhorst argued that the trial court erred by finding the second and third habitual offender paragraphs true because his 1990 conviction for the felony offense of bail jumping (relied on in the third habitual offender paragraph) did not occur before "one of the elements in [his] 1992 felony DWI conviction" (relied on in the second habitual offender paragraph).[14]  As our sister court explained in overruling his point,

> The "element" referred to by [Vanderhorst] was the jurisdictional two prior DWI convictions proven for [his] 1992 felony DWI conviction. While the prior two convictions (that occurred before 1990) were a jurisdictional element of [his] 1992 felony DWI conviction, the exact dates of those prior convictions were not elements of the 1992 felony conviction.[15]

Thus, there is no requirement that the jurisdictional priors, or convictions used to enhance Appellant's instant DWI to a felony, had to have occurred before the offenses or convictions used to enhance his sentence.  Consequently, the trial court properly charged the jury.  Appellant raises no other complaint about the sufficiency of the State's proof of enhancements.  We therefore overrule Appellant's first two points.

---

[13]*See Tietz*, 256 S.W.3d at 378–79; *Vanderhorst*, 52 S.W.3d at 242; *see also Mason*, 980 S.W.2d at 639–41.

[14]*Vanderhorst*, 52 S.W.3d at 242.

[15]*Id.* (citations omitted).

## II. Trial Court Committed No Reversible Error by Overruling Appellant's Objections to State's Closing Argument.

In his third point, Appellant complains that the trial court abused its discretion by overruling his objection to the prosecutor's closing argument. The prosecutor argued that in assessing punishment, the jury should consider that Appellant could not quit driving while intoxicated because "he either doesn't care, doesn't care enough, or really doesn't mind. He doesn't want to change. To change, you have—." Defense counsel objected that the argument was outside the record, baseless, and injected new and harmful facts into the case. The trial court overruled the objection. But before the argument complained of, the prosecutor argued,

> They couldn't even keep straight how many times he went to rehab, where he went to rehab, how long he was in rehab. And you know why? He didn't want rehab. You got to want it before you're going to do it. And it doesn't appear from his history that he wants to do it.

Appellant did not object.

Nor did he object after the complained-of argument when the prosecutor argued,

- Folks, you've got to want to change to change. And there's been no evidence from future conduct that he's done so.

- It goes back to what we talked about earlier. You have to want to change. Did he want to change? I don't know. We sent him to everything.

- Folks, you've got to want to change. You've got to want to change.

- You can't tell me that a person that drunk doesn't know how dangerous they're going to be. They've got to know how dangerous they're going to be out there. And they've got to make a conscious decision, granted a drunk decision, but a conscious decision that they don't care. They just don't care. Once. Once. But beyond that [initial DWI], folks, anything beyond that, you just must not care to change.

Appellant's failure to object to prior and subsequent arguments that he did not want to change and did not care renders any possible error harmless.[16] Accordingly, we overrule Appellant's third point.

## III. Conclusion

Having overruled Appellant's three points, we affirm the trial court's judgment.

                                        LEE ANN DAUPHINOT
                                        JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 26, 2012

---

[16]*See Lucero v. State*, 246 S.W.3d 86, 101–02 (Tex. Crim. App.), *cert. denied*, 555 U.S. 818 (2008); *Howard v. State*, 153 S.W.3d 382, 384–86 (Tex. Crim. App. 2004), *cert. denied*, 546 U.S. 1214 (2006).